UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NEW SCHOOL FOR ENTERPRISE** <br>    **AND DEVELOPMENT** <br>    **PUBLIC CHARTER SCHOOL** <br><br> **Plaintiff** <br><br> v. <br><br> **RUBY LEDBETTER,** *et alia* <br><br> **Defendants** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | <br><br><br><br><br><br> CA NO.  05CV1980  (JGP) |

## MOTION FOR DEFAULT JUDGMENT

The plaintiffs, by and through counsel, request this Court to grant a default judgment pursuant to Federal Rule of Civil Procedure 55 , finding that Hearing Officer Herbert St. Clair's decision that the plaintiff was denied a free, appropriate public education (FAPE) was erroneous. On 20 January 2006, the default affidavit and the military affidavit were filed with this Court. On 23 January 2006, the Clerk entered the default.

## FACTUAL BACKGROUND

Plaintiff, the New School for Enterprise and Development Public Charter School (New School)  is a District of Columbia Public Charter School which has elected to be its own local education agency (LEA) under IDEA, for special education issues.  Defendant, Ruby Ledbetter, is the legal guardian of her minor child, G.E., and they are currently residents of the District of Columbia and claimed D.C. residency for all or part of the time during the underlying administrative proceedings.  G. E. is a fifteen (15) year-old student who attended  New School for the 2004-2005 academic school year. On 29 November 2004, the Headmaster of New School

confirmed that G. E. had been removed from the school's role because of excessive absenteeism. New School learned from defendants that G. E. missed school due to a medical condition affecting G. E.'s scalp and therefore embarrassed to attend school. Upon learning of the dermatological condition, the Headmaster of New School allowed G. E. an exception to the no head gear in school policy allowing him to wear head gear in school. New School, concerned about G. E.'s continued absenteeism and therefore failing grades, called a meeting for 2 February 2005 to discuss whether he needed special education intervention. The Teacher Assistance Team (TAT) meeting would discuss all aspects of G. E.'s education and if necessary seek permission from Ms. Ledbetter to initiate testing. On the day of the meeting, Ms. Ledbetter cancelled the meeting requesting it be rescheduled on 7 February 2005. New School could not guarantee the date, owing to the availability of the TAT.

On 4 February 2005, New School learned that Ms. Ledbetter had obtained counsel and through counsel was requesting the testing New School was already willing to conduct. The school attempted on numerous occasions to contact mother and to have her attend a meeting to discuss the testing required for G. E., to get her written authorization for the evaluations, and to get a social history of G. E. and the family. G.E. rarely, if ever attended school during the second half of the 2004-2005 school year. On 18 July 2005, after numerous attempts to test G. E. the school's clinical psychologist began assessing G. E. and completed the assessment on 27 July 2005.[1]

Originally, the District of Columbia Public Schools (DCPS) State Enforcement and

---

[1] Dr. Patricia Jenkins completed the written assessment, forwarded the assessments on 9 August 2005 and defendants' received the assessment at the hearing.

Investigation Division scheduled a due process hearing to address defendants' allegation that New School failed to provide a free appropriate public education. Due to an emergency in the defendant's family, the hearing officer postponed the hearing and subsequently scheduled the hearing for 24 August 2005. On 24 August 2005 the hearing convened and New School had one witness to testify that her efforts to test G. E. were thwarted by the guardian's failure to meet with the school and the failure of the student to attend school. The records and testimony reflected the numerous attempts New School made to meet with the parent.

  The defendant, Ms. Ledbetter, refuted some of the claims by New School, but offered no documentary evidence, as New School had, to substantiate her claims. In fact, Ms. Ledbetter's testimony was self-contradictory at times even though see was reading her testimony. During Ms. Ledbetter's testimony, she continually read her testimony from a notebook. Counsel for New School objected to the defendant reading her testimony and requested the hearing officer allow counsel for New School review the notebook the defendant was relying on for her testimony.

  The hearing officer sustained the objection of the defendant reading her testimony but coached the defendant by stating that the rules of evidence allow her to look at notes to refresh her memory and could she testify without reading the testimony. At that point the defendant stated she could testify without the notebook. Counsel for New School then renewed his request to view the notebook the defendant had been reading. When defendant's counsel objected, counsel for New School told the hearing officer that the rules of evidence allow the parties to review any document any witness uses to refresh their memory, especially since the notebook was not entered into evidence. The hearing officer agreed with New School counsel's

interpretation of the rules of evidence, however overruled the request to review.

On 7 September 2005, the hearing officer issued a decision and order finding for the defendants. The hearing officer found that "NSEDPCS did not make sufficient efforts to complete evaluation of the student for special education services within 120 days after February 4, 2005," because "A parent can elect to bypass the TAT process and authorize immediate evaluation for special educations services, as was the case herein." In fact the parent had not given authorization for testing, she only requested tested. The 4 February 2005 letter states in pertinent part, "On behalf of my client, Ruby Ledbetter, legal guardian of the above referenced student, I hereby request that student G.E. be evaluated for special education services...A comprehensive evaluation of the student would include, but is not limited to, the following assessments: (*sic*) psycho educational evaluation, social history evaluation, and clinical evaluation."[2] A request for generic testing is not the same as "informed consent" required under 34 C.F.R. §300.505 Furthermore, in defining consent, the regulations are quite specific in the requirements under 34 C.F.R. §300.500. To wit:

> Consent means that (i) the parent has been fully informed of all information relevant to the activity for which consent is sought; (ii) the parent understands and agrees in writing to the carrying out of the activity for which his or her consent is sought, and the consent describes that activity and lists the records (if any) that will be released and to whom; and (iii)(A) the parent understands that the granting of consent is voluntary on the part of the parent and may be revoked at anytime.

The hearing officer stated "the use of the DCPS Letter of Invitation forms was unnecessary as all that was required was for the parent to come and sign the consent forms to

---

[2]Personally identifiable information regarding the student omitted. Highlights in original omitted.

begin the evaluations." The hearing officer appears to dismiss the importance of informed parental consent and the emphasis Congress placed on protecting the parents rights. After the initial request for testing by anyone, including the parent, the TAT would have to discuss at length the reasons for the request and what types of evaluations are necessary to fulfil the requirements under 34 C.F.R. §300.532. Without this meeting to consider all the relevant facts, informed parental consent is nonexistent.

The hearing officer improperly assigned knowledge to New School of an emotional disturbance which would qualify as a disability under IDEA. The student's hair was an issue, however, the school had permitted G.E. to wear a cap to hide the condition. There was no way to know why the student was absent, since he was absent prior to the identification of the medical condition.

On 6 October 2005, New School, through counsel filed the instant appeal of the Hearing Officer's Decision, alleging:

1. Hearing Officer St. Clair erred in coaching a witness on how to answer a question regarding her use of a notebook during her testimony.

2.. Hearing Officer St. Clair erred in dismissing a motion to review the document upon which Ms. Ledbetter relied during her testimony.

3. Hearing Officer St. Clair erred in finding that NSED could circumvent the procedures outlined in IDEA and not obtain informed consent prior to evaluating G.E.

4. Hearing Officer St. Clair erred in finding that NSED should have known about G.E.'s emotional disturbance prior to testing.

In the complaint, the Plaintiff respectfully requested this court to:

a. Issue a judgment for Plaintiff and against Defendants on all aforementioned counts;

b. Order that the 7 September 2005, Hearing Officer's Decision be reversed, finding no denial of a free, appropriate, public education by NSED PCS.

c. Order an award of attorneys fees and costs to Plaintiff; and

d. Grant such other and further relief as the Court deems just and proper.

On 27 October 2005, Plaintiff caused the summons to occur on Ruby Ledbetter and caused the summons to occur on Roberta Gambale, Ms. Ledbetter's attorney of record. The Return of Service/Affidavits were filed with this Court and the answers to the complaint were due on 16 November 2005 and 28 November 2005 respectively. To date, neither Ms. Ledbetter or her attorney has filed an answer.

On 13 December, Ms. Gambale, on behalf of her clients filed an administrative due process hearing request, alleging, *inter alia,* New School's failure to comply with the Hearing Officer's Determination which is the subject of this action. In her complaint, in footnote 3, Ms. Gambale states, "A motion to dismiss New School's Complaint is currently pending." Due Process Complaint Notice, 8 September 2005[3], page 3. (Attachment A.)

Counsel for the New School has checked both electronically and in person at the Clerk of Courts office and have not found any answer nor any motion to dismiss in the file. Ms. Gambale has not notified counsel of any action taken in the federal appeal. On 20 January 2006, the

---

[3] The Complaint is signed "Dated this 8th day of September, 2005," by Ms. Gambale but the complaint was not filed with Student Hearing Officer until 13 December 2005. Therefore the signature page is probably not correct.

default affidavit and the military affidavit were filed with this Court. On 23 January 2006, the Clerk entered the default.

## **CONCLUSION**

Given the facts above, it is clear the defendant's in this matter have not responded to the complaint, nor have they otherwise defended themselves under the Federal Rules of Civil Procedure and therefore the Plaintiff is entitled to a judgment by default.

**WHEREFORE**, Plaintiff respectfully requests this court to:

1. Issue a default judgment for Plaintiffs and against Defendant;

2. Award attorneys fees and costs to Plaintiff; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted

//S//

_____
William E. Houston, Esq.
D.C. Bar No. 450223
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300 (O)
(703) 739-2323 (F)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NEW SCHOOL FOR ENTERPRISE**<br>   **AND DEVELOPMENT**<br>   **PUBLIC CHARTER SCHOOL** | : <br> : <br> : <br> : | |
| **Plaintiff** | : <br> : | |
| v. | : <br> : | CA NO. 05CV1980 (JGP) |
| **RUBY LEDBETTER**, *et alia* | : <br> : | |
| **Defendants** | : <br> : | |

## STATEMENT OF POINTS AND AUTHORITIES

The plaintiffs, by and through counsel, request this Court to grant a default judgment pursuant to Federal Rule of Civil Procedure 55.

                                       Respectfully submitted

                                       //**S**//

_____
William E. Houston, Esq.
D.C. Bar No. 450223
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300 (O)
(703) 739-2323 (F)

## **CERTIFICATE OF SERVICE**

    I, William Houston, certify that I transmitted a copy of the foregoing Motion for Default Judgment, the Statement of Points and Authorities, first class mail on 25 January 2006 to Ms Roberta Gambale at:

    James E. Brown & Associates, PLLC
    Attorneys at Law
    1220 L Street, NW
    Suite 700
    Washington, DC 2005

    I did not include Attachment A, the 13 December 2005 Due Process Complaint, since it originated in Ms. Gambale's office.

    Respectfully,


    //**S**//

    William E. Houston