*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A. **INFORMATION ABOUT THE STUDENT:**

Name of the Student: <u>**Giovanni Evans**</u>    Date of Birth: <u>**7/20/90**</u>
Address: <u>**3005 20th Street, N.E., Washington, DC 20018**</u>
Home School: <u>**Spingarn Senior High School/ New School for Enterprise and Development PCS**</u>
Present School of Attendance: <u>**N/A**</u>

    Is this a charter school? <u>Yes</u>    (If yes, you must also provide a copy of this notice to the charter school principal or director)

---

[1] Student was registered at "New School" for both 04/05 and 05/06 school years. Because New School has indicated that they do not believe that they can meet this student's educational needs, parent has enrolled her child at his neighborhood school – Spingarn.

1

SEID DPCN Rev'd. 7/01/05

Parent/Guardian of the Stud... **Ms. Ruby Ledbetter**
Address (if different from the student's above): same

**B.    Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**
Address: 1220 "L" Street, Suite 700, Washington, DC 20005
Phone: (w) (202)742-2000 (ext. 2021)  (Fax) (202) 742-2098   (e-mail) Rgambale@jeblaw.biz
Will attorney / legal representative attend the resolution session?    **X** Yes           | | No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

**D.    Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only.**

**F.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**1. Nature of the problem.**

    1.    **Failure to comply with a Hearing Officer's Determination issued September 7, 2005**

New School for Enterprise and Development Public Charter School ( hereinafter "New School") has failed to comply with a Hearing Officer's Determination ("HOD") issued on or about September 7, 2005. On or about August 24, 2005, a hearing was held on behalf of Giovanni Evans, (hereinafter "G.E.") DOB: 7/20/90. An HOD was issued on behalf of the parent, Requiring New School to:[2]

- Fund independent evaluations for the student;
- Convene an MDT/Eligibility/IEP/Placement Meeting within ten (10) days;
- If Determined eligible, develop an IEP and issue a Notice of Placement within five (5) days for a public placement and/or within thirty (30) days for a non-public placement;

---

[2] See HOD pg 3-4

2

SEID DPCN Rev'd. 7/01/05

- Schedule all meetings through counsel.

Independent evaluations were completed and provided to New School. A meeting was held on or about October 11, 2005 wherein the student was determined eligible for services. To date, the MDT has yet to be convened to develop an Individualized Educational Program ("IEP") for G.E. and/or discuss and/or determine placement. [3]

2. **Failure to develop an Individualized Educational Program ("IEP") for the Student.**

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), DCPS, the local and state education agencies, are required to make certain that every student with a disability who is in need of special education services is provided with an appropriate Individualized Educational Program ("IEP") and that the IEP contains: 1) a statement of the child's present level of academic achievement and functional performance, 2) a statement of the student's measurable annual goals, 3) a description of how the child's progress toward meeting the annual goals described in paragraph (2) of this subsection will be measured, and 4) any statement of the special education needs and related services and supplementary aides for a student. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), as well as, D.C. MUN. REGS. tit. 5, § 3011 (2003). Because the IEP is the mechanism through which a free and appropriate public education ("FAPE") is delivered to disabled students, failure to develop an IEP necessarily amounts to a denial of FAPE.[4]

Not only is there an obligation under the law to develop an appropriate IEP for eligible students, but New School agreed that they would re-convene the MDT to develop the IEP.[5] New School also agreed to ensure the participation of the DCPS placement officer at this meeting due to concerns raised by the school that they were unable to meet the educational needs of G.E.

New School failed to reconvene the meeting. Follow up correspondence was sent to New School on November 4, 2005 and November 15, 2005. When New School failed to respond, the parent enrolled G.E. as a non-attending student at his neighborhood school, Spingarn SHS, and provided copies of all evaluations and the MDT notes from the eligibility meeting that was held in October 2005 to the school. Correspondence was sent to both New School and Spingarn Senior High School re-requesting a meeting to develop the IEP and offering to go forward at either location. Copies of Correspondence and evaluations were also provided to DCPS Office of Mediation and Compliance. To date, the meeting has not been re-convened and/or does not have an appropriate program. In addition, the interim IEP that was promised

---

[3] Though the Charter School has filed a appeal of the HOD- they never sought appropriate injunctive relief and/or pending the stay of the order they are obligated to comply. A motion to dismiss New School's Complaint is currently pending.

[4] See Board of Education of the Hendrick Hudson Central School District v. Westchester County, et al v. Rowley, 458 U.S. 276,102S.Ct.3034 (1982) . *"The free appropriate public education required by the Act is tailored to the unique needs of the handicapped child by means of an Individualized Educational Program ("IEP")"* Id at 182; Cypress-Fairbanks Ind.Sch.Dist. v. Michael F, 118F.#d 245, 247-248 (5th Cir. 1997); Houston Ind. Sch. Dist. V. Bobby R., 200 F. 3d 341, 347 ( 5th Cir.2000)

[5] See 10/18/05 Meeting Notes *New School agrees to develop an interim IEP and reconvene the meeting – pg. 1*

3

at the meeting, ha.. ..ever been provided to the parent and/... counsel for the parent and has never been implemented for G.E..

### 3. Failure to provide an appropriate educational placement for the student and/or denial of FAPE

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(e), § 612(a) and/or D.C. MUN. REGS. tit. 5, § 3000.1 (2003), DCPS, as the local and state education agency, is to make certain that the educational placement, for each child with a disability within its jurisdiction, is able to implement the student's Individualized Educational Program and that each disabled child within its jurisdiction between the ages of three (3) and twenty-one (21) is provided with a free and appropriate public education.

This student has been denied a Free and Appropriate Public Education ("FAPE"). Initial requests for evaluations were made in February 2005. Evaluations conducted for this G.E. suggest that he is a student with both an other health impairment and an emotional disturbance. In addition, speech and language services have been recommended for this child. He has received no educational benefit this school year (2005-2006) to date as a result of the failure to identify and provide a placement on the part of both DCPS and New School. Attendance issues have been determined to be directly related to his disability. New School has already acknowledged that they cannot offer an appropriate setting for G.E. As a result, compensatory education, to include but not limited to the funding of a private placement for the remainder of the school year would be appropriate. [6]

## II. Issues presented.

- Whether District of Columbia Public Schools ("DCPS") and/or New School denied G.E. FAPE?
- Whether or not New School failed to comply with the to comply with the Hearing Officer's Determination issued on or about September 7, 2005?
- Whether District of Columbia Public Schools ("DCPS") and/or New School failed to develop an appropriate IEP in a timely manner subsequent to his eligibility determination?
- Whether District of Columbia Public Schools ("DCPS") and/or New School failed to implement a program for G.E.?
- Whether District of Columbia Public Schools ("DCPS") and/or New School failed to provide an appropriate placement for the student?

## III. To the extent known to you at this time, how can this problem be resolved?

WHEREFORE, the guardian, by and through counsel, requests the following relief:

1. A finding that DCPS and/or New School denied this student FAPE by failing to comply with the September 7, 2005 order and/or develop an IEP, implement an IEP and/or provide a placement for the student in a timely manner?

---

[6] See School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts; Florence County v. School Dist v. Shannon Carter, 510 U.S. 7 (1193), 471 U.S. 359 (1985); Diatta v. District of Columbia 319 F. Supp.2d 57, 65 D.D.C. 2004 Kerkam I, 862 F.2d 84 (D.C. Cir. 1991).

4

SEID DPCN Rev'd. 7/01/05

2. That the student's private placement should be funded with transportation;

3. That DCPS shall convene an MDT/IEP meeting within 10 calendar days for the purpose of developing an IEP for this student;

4. That DCPS/ Charter School shall fund up to five (5) hours of independent one-on-one tutoring and 1 hour of counseling and speech therapy per week for the 2005/2006 & 2006/2007 school years;

5. That DCPS/Charter School shall fund an independent summer program during the 2005/2006 summer for this student;

6. That DCPS/Charter agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

7. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

11. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

12. That DCPS/Charter School within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS/Charter School, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the guardian will be deemed true and accurate and act as a waiver, on the part of DCPS/Charter School, for their desire to have

5

SEID DPCN Rev'd. 7/01/05

a Resolution Se__ _n Meeting, and the guardian's administra_ _ due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS/Charter School, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

15. That DCPS'/Charter School's failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS/ Charter School to make such argument at any later date and time.

16. That DCPS/Charter School, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS/Charter School, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student and/or would be qualified to conduct the evaluations requested in the parent's complaint.

18. That DCPS'/Charter School's failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action.

G. **Accommodations and Assistance Needed**:

- N/A

Dated this 8th day of September, 2005

*[signature]*

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005

6

SEID DPCN Rev'd, 7/01/05

202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

SEID DPCN Rev'd. 7/01/05