EXHIBIT

1

ALL-STATE LEGAL

# District of Columbia Public Schools
## *Office of Compliance*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 9/7/05

TO: Gambale / Houston

FROM: STUDENT HEARING OFFICE

RE: HOD - Giovanni Evans -

TOTAL NUMBER OF PAGES, INCLUDING COVER:

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# District of Columbia Public Schools
## State Enforcement & Investigation Division
### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

SCHOOLS
DC PUBLIC
2005 SEP -7  PM 12: 58

| | |
|---|---|
| **In the Matter of**  ) | **IMPARTIAL** |
| ) | **DUE PROCESS HEARING** |
| **GIOVANNI EVANS**, student  ) | |
| Date of Birth:  July 20, 1990  ) | |
| Petitioner,  ) | **DECISION  &  ORDER** |
| ) | |
| **versus**  ) | Request Date:  June 17, 2005 |
| ) | Hearing Dates:  July 21, 2005     Hr. Rm A1 |
| **The New School of Enterprise and**  ) | August 24, 2005  Hr. Rm. 1 |
| **Development Public Charter School**  ) | |
| Respondent.  ) | Held at:  825 North Capitol Street, NE |
| ) | Eighth Floor, Hearing Room A1 |
| ) | Washington, D.C. 20002 |
| ) | |

| | |
|---|---|
| **Parent:** | Ruby Ledbetter |
| | 3005  20th  Street, NE |
| | Washington, D.C. 20018 |
| | |
| **Counsel for the Parent/Student:** | Roberta  L.  Gambale, Esq. |
| | **JAMES E. BROWN & Associates** |
| | 1220  L  Street,  NW    Suite 700 |
| | Washington, D.C. 20005 |
| | |
| **Counsel for the NSEDPCS:** | William E. Houston, Esq. |
| | **Dalton, Dalton & Houston, P.C.** |
| | 1008 Pendleton Street |
| | Alexandria, Virginia 22314-1837 |

An  INDEX  of  NAMES  is attached hereto for the benefit of the parties.  The index will permit the parties to identify specific witnesses and other relevant witnesses.  The index will be detached before release of this  DECISION  &  ORDER  as a public record.

i

# INDEX of NAMES for Giovanni Evans

**Hearing Date:** August 24, 2005

Appearing on behalf of The New School of Enterprise and Development
Public Charter School:

    1. Gloria H. Fulwider, Special Education Coordinator  *

Appearing on behalf of the parent/student:

    1. Ruby Ledbetter, mother  *
    2. Michelle Moody, educational consultant

 * Gave testimony.
** Gave testimony via telephone.

ii

## JURISDICTION

The hearing convened under Public Law 105-17, The Individuals with Disabilities Education Act Amendments of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT of the CASE

On June 17, 2005, Counsel for the Parent filed the herein Request for Mediation/Hearing on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) and the New School for Enterprise and Development Public Charter School (HSEDPCS), its own LEA, denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of failure on the part of NSEDPCS to complete a timely evaluation of the student for special education services.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 3:00 P.M., Thursday, July 21, 2005 at DCPS Headquarters, 825 North Capitol Street, NE, 8th Floor, Hearing Room A1, Washington, D.C. 20002. The hearing convened as scheduled.

Counsel made preliminary representations after which on July 26, 2005 the following INTERIM ORDER was issued:

> 1. Herein, DCPS is DISMISSED as a party; and
> 2. This matter is set for hearing at 11:00 A.M., August 24, 2003.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUMMARY of the EVIDENCE and FINDINGS of FACT

The continuation convened in Hearing Room 1 at 11:00 A.M., Wednesday, August 24, 2005

By facsimiles dated July 14 and August 18, 2005, NSEDPCS disclosed 2 witnesses and 18 documents.

By facsimile dated July 12, 2005, the parent disclosed 4 witnesses and 16 documents.

The documents were placed into the record and are referenced/footnoted herein where relevant.

The Special Education Coordinator (SEC), New School for Enterprise and Development Public Charter School (NSEDPCS), and the Parent testified.

From the testimony, documents and argument, the hearing office found the following facts:

> 1. Over the telephone on January 28, 2005, the SEC confirmed a meeting with the parent to come in on February 2, 2005 to begin the process for evaluation of the student for special education services, NSEDPCS Document No 14. On February 2, 2005 the parent called the SEC before taking leave from her job and was informed that the TAT would not be available, NSEDPCS Document No 17.

The SEC attempted to reschedule the meeting for February 7, 2005 but did not contact the parent as to the status of the TAT meeting.

2.  After the February 2, 2005 telephone conversation with the SEC, the parent contacted an attorney on February 3, 2005 and on February 4, 2005, Counsel for the Parent sent a letter to NSEDPCS requesting evaluation of the student for special educations services, Parent Document No 5.  In the letter Counsel for the Parent sets out the 120-day timeline and offered to assist in scheduling of evaluations of the student.

3.  The SEC did not enlist the assistance of Counsel for the Parent in scheduling any evaluations of the student.

4.  On April 22, 2005 the SEC informed the parent that a TAT meeting was scheduled for April 26, 2005, four days latter.  The parent questioned whether she had been given enough notice of the TAT meeting, NSEDPCS Document No 4; the meeting did not convene.

5.  During the months of February, March and April, 2005 the student virtually stop attending school.

6.  The student suffered from a severe hair condition that embarrassed the student to the point the student refused to attend during the months of February, March and April 2005.  The SEC knew of the student's hair condition.

7.  The 120th day from February 4, 2005 was June 5, 2005 or thereabouts.

8.  The only fruitful efforts the SEC made to contact the parent or Counsel for the Parent to gain parental consent to begin the evaluation of the student for special education services during the months of February, March, April, May and June resulted in the February 2, 2005 TAT meeting that NSEDPCS cancelled and the April 26, 2005 TAT meeting with 4 days notice to the parent that did not convene.


## DISCUSSION and CONCLUSIONS OF LAW

### I

**NSEDPCS did not make sufficient efforts to complete evaluation of the student for special education services within 120 days after February 4, 2005.**

When the February 4, 2005 written request for evaluation of the student for special education services was received, NSEDPCS had 120 days or to June 5, 2005 to complete the evaluation of the student for special educations services.  As of February 4, 2005, the TAT was

2 of 4 pages

immaterial. A parent can elect to bypass the TAT process and authorize immediate evaluation for special educations services, as was the case herein. The student's absences was a reason to suspect the student had a severe emotional disturbance, not an excuse not to contact the parent for an unnecessary and immaterial TAT meeting.

The use of the DCPS Letter of Invitation forms was unnecessary as all that was required was for the parent to come and sign the consent forms to begin the evaluations; this could have been done on February 2, 2005 or on any other day. The assumption on the part of NSEDPCS that, had the parent signed the consent for evaluation, the parent would have been unable to arrange access to the student for the completion of evaluations because of absences from school cannot be accepted. NSEDPCS should have suspected the absences from school as being the result of an emotional disturbance brought on by the student's hair condition.

In consideration of the foregoing, the hearing officer made the following

## ORDER

1. According to Superintendent's Directive 530.6, NSEDPCS shall fund an independent social history of the student. Provided a speech/language evaluation is recommended in the NSEDPCS recently completed psycho-educational evaluation of the student , NSEDPCS will also fund according to the said directive an independent speech/language evaluation of the student.

2. Within 10 days of receipt of the evaluations set out in above paragraph, NSEDPCS will convene an MDT/Eligibility/IEP/Placement meeting during which evaluations will be reviewed and the student's eligibility for special education services discussed and determined. If the student is determined ineligible, a Notice of Ineligibility will beissued at the said meeting. If the student is determine eligible, an IEP will be completed and a Notice of placement issued within 5 schooldays of the said meeting if a DCPS placement is recommended; if a non-public placement is recommended, a Notice of Placement will be issued within 30 days of the said meeting.

3. If the student is determined eligible for special education services at the said MDT/Eligibility/IEP/ Placement meeting, the form, amount and delivery of

compensatory education, if any, will be discussed and determined. For disputes under this paragraph, either party may request a hearing.

4. For the said MDT/Eligibility/IEP/Placement meeting, scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/Counsel for the Parent, the deadline herein will be extended one day. In the event of independent evaluation(s) sent to NSEDPCS, Counsel for the Parent will verify by telephone the receipt of the evaluation report copy(ies) by the NSEDPCS addressee. For disputes under this paragraph, with the burden of proof on NSEDPCS, documentation of the parties will be relied upon to determine the good faith of each party.

5. The parent is the prevailing party.

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within thirty (30) days of the issue date of this decision.**

Date: Sept. 7 2005

H. St. Clair, Esq., Hearing Officer

Issued: Sept. 7, 2005
Student Hearing Office, DCPS

4 of 4 pages