IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEW SCHOOL FOR ENTERPRISE AND DEVELOPMENT PCS : : : Plaintiff, : : v. : : RUBY LEDBETTER et al., : : Defendants. : : | Civil Action No. 05CV1980 (JGP) |

**MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED
IN SUPPORT OF THE MOTION OF DEFENDANTS LEDBETTER
AND GAMBALE TO VACATE ENTRY OF DEFAULT**

COMES NOW, the Defendants, Ruby Ledbetter, parent and next friend of G.E., a minor, and Roberta Gambale, Esquire, and in this their Memorandum of Points and Authorities Submitted in Support of Their Motion to Vacate Entry of Default respectfully represent unto this Honorable Court as follows:

**I.  BACKGROUND**

The case *sub judice* is an appeal filed by the Plaintiff from an adverse ruling in an administrative hearing involving Public Law 105-17, the Individuals with Disabilities Education Act Amendments of 1997, 20 United States Code 1400, et seq., Title 34 of the Code of Federal Regulations, Part 300 and Title V of the District of Columbia Municipal Regulations.  The Hearing Officer's Decision which is the subject of controversy in this case contained specific findings of fact demonstrating the failure of the Plaintiff to evaluate G.E. within the time limitations statutorily imposed upon it.  Based upon his findings of fact, the

impartial Hearing Officer ordered the Plaintiff, *inter alia*, to fund an independent social history and, if the recently completed psycho-educational evaluation demonstrated the need for G.E. to have a speech/language evaluation, to fund an independent speech/language evaluation. Plaintiff was also ordered to convene an MDT/IEP meeting to determine the eligibility of G.E, for special education services within ten (10) days of receiving the evaluations. Defendant Ledbetter was found to be the "prevailing party' in this matter. (See copy of Hearing Officer's Determination appended hereto as Exhibit One).

On October 6, 2005, Plaintiff filed the Complaint in the instant cause and effectuated service of process upon Defendant Ledbetter on October 27, 2005 and Defendant Gambale on November 8, 2005. The responses of these Defendants would have been timely filed on November 12, 2005 and November 28, 2005 respectively. Upon receipt of the Complaint, Defendant Gambale drafted a Motion to Dismiss the Complaint but due to an apparent administrative error the motion was never filed as she originally believed. The foregoing is supported by the reference to same in the due process hearing request filed on December 13, 2005 for G.E, (see Motion Default filed by Plaintiff on January 25, 2006, at page 6). However, neither the motion aforesaid nor an answer has been filed to date in a timely manner.

On January 23, 2006 the Clerk entered a default against these Defendants upon motion of Plaintiff. On January 25, 2006, the undersigned counsel wrote counsel for Plaintiff asking him to consider withdrawing the motion for entry of default and allow the Defendants to lodge an answer so as to place this matter in a posture to be decided upon the merits. In his response of January 25, 2006, Plaintiff's counsel stated that his client would not withdraw

the motion nor consent to the filing of an answer by the Defendants. Additionally, on January 25, 2006, Plaintiff filed its motion for default judgment.

## II. ARGUMENT

### A. THE ENTRY OF DEFAULT BY THE CLERK ON JANUARY 23, 2006 SHOULD BE VACATED

Rule 55(c) of the Federal Rules of Civil Procedure provides, in part, that " . . . [F]or good cause shown the court may set aside an entry of default . . . " Relief from default is to be granted at the discretion of the court upon consideration of the individual circumstances of the case and the credibility and good faith of the parties. See *Springs v. Clement,* 202 F.R.D. 387, at 394 (E.D.N.Y. 2001), citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993). In determining whether good cause has been shown, the courts balance three factors: whether 1) the default was willful; 2) a set aside would prejudice the Plaintiff, and 3) the alleged defense is meritorious. See *Biton v. The Palestinian Interim Self Government Authority,* 233 F. Supp.2d 31, (D.D.C. 2002), citing with approval, *Keegel v. Key West & Carribean Trading Co.*, 627 F.2d 372, at 373 (D.C. Cir. 1980, and *Baade v. Price*, 175 F.R.D. 403 (D.D.C. 1997). Resolution of disputes by way of default is disfavored. In fact there is an institutional preference for the resolution of disputes on their merits, see *Jackson v. Beech*, 636 F.2d 831 (D.D.C. 1980), and in so doing the court resolves doubt in favor of the moving party.

In this case, while there is no dispute as to the untimeliness of or the failure of the Defendants to lodge their answer or other responsive pleading, what is very clear is that the

Defendants did not willfully or intentionally refuse and/or fail to file their response. Moreover, the failure was a result of administrative oversight. To wit, the reference in Plaintiff's motion for default judgment to a motion to dismiss in the administrative filing made on behalf of Defendant Ledbetter on December 13, 2005, unmistakably indicates that Defendant Gambale believed that the filing had been timely made when in actuality it had not. That error, however, should not be reasonably imputed to Ms. Ledbetter and consequently should not constitute a basis upon which to exact the penalty of a default upon her on G.E., on whose behalf the administrative claim was prosecuted. The very nature of the administrative proceeding strongly militates against the entry of a default as this case, and unless one of the parties seeks to take additional testimony at the district court level, they are decided by summary judgment. The administrative record developed at the administrative level is reviewable by this court and a decision is based upon a preponderance of the evidence. See *20 U.S.C. §1415(i)(B);* also *Cartwright v. District of Columbia,* 374 F. Supp.2d 159 (D.D.C. 2003). Also, although Ms. Gambale has been named as a Defendant in this matter, the Complaint filed by Plaintiff is devoid of any allegation that imputes any liability or otherwise demonstrates that she is a party in interest in this matter.

However, while the standard of review under IDEA is less deferential than that used in traditional substantial evidence test in non-IDEA related cases, the district court should not substitute its own notions of sound educational policy for those of the school authorities. See *Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034(1982). The court has an imperative to give "due weight" to the administrative proceedings and any decision rendered should be independent and based on a preponderance

of the evidence. *Rowley*, at 206-207. The Defendants, in this matter, have asserted as an affirmative defense that the decision rendered at the administrative level is supported by substantial evidence, and ergo, would necessarily satisfy the standard that applies to this court's review of the instant matter. The Defendants have asserted other affirmative defenses in ths matter which are meritorious and which if proven would constitute a complete defense to Plaintiff's claims. It is perhaps worthy of mention, that the defenses of the Defendants are " . . . meritorious if they contain a hint of suggestion, if proven . . . , would constitute a complete defense . . . " See *Keegel*, *supra*. at 374. The Defendants assert that the foregoing is the case in this case and that the outcome of this matter will be different if the default is vacated.(See Verified Answer and Affirmative Defenses of the Defendants attached hereto as Exhibit Two).

      Finally, there is not prejudice to the Plaintiff if the default that has been entered in this case is vacated. Admittedly, there has been some delay, but the delay occasioned has not interminable nor has otherwise been such as to visit any prejudice upon the Plaintiff. Assuming that the answer had been filed, this case, parties may have had the initial scheduling conference. This is particularly so since joinder of issue would not have occurred until November 28, 2005. This case is procedurally in its early stages and Plaintiff's entire case against these Defendants lies ahead of it. Plaintiff has the opportunity to demonstrate to this court that its claim has merit and accordingly, this matter should proceed to a disposition on the merits as it's the pronounced preference of this court. The Defendants are prepared to defend the instant matter zealously and in timely fashion.

## III. CONCLUSION

**WHEREFORE**, these premises considered, the Defendants respectfully pray that this Honorable Court enter an order vacating the entry of default entered in this matter by the Clerk on January 23, 2006, accept for filing their verified answer and affirmative defenses, and award them such other and further relief as to this honorable court deems just and equitable.

    Respectfully submitted,

/s/
Tilman L. Gerald
James E. Brown & Associates, PLLC
Unified Bar No. 928796
1220 L Street, N. W., Suite 1220
Washington, D.C. 20005
202.742.2000
202.742.2098-facsimile

*Attorneys for Defendant Ruby Ledbertter and Roberta Gambale*

Date: February 1, 2006