UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NEW SCHOOL FOR ENTERPRISE AND DEVELOPMENT PCS** | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO. 05-1980 (JGP) |
| **RUBY LEDBETTER, et. al.** | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO VACATE ENTRY OF DEFAULT**

COMES NOW, the plaintiff, New School for Enterprise and Development Public Charter School, (hereinafter NSED) by counsel, and respectfully moves the Court to deny defendants' Motion to Vacate Entry of Default.

**INTRODUCTION**

This is an action by NSED to appeal the decision of an administrative hearing officer in a special education due process hearing.  The federal complaint was timely filed by NSED on October 6, 2005.  Ms. Ledbetter was personally served on October 27, 2005, and her attorney, Ms. Gambale was personally served on November 8, 2005.  Please note that plaintiff served Ms. Gambale as counsel for Ms. Ledbetter, not as a defendant.  Since Ms. Gambale continued to represent Ms. Ledbetter after the due process hearing in question, NSED believed serving Ms. Gambale would ensure notice of the filing of the complaint.  There was a mistake in the caption of the complaint which names Ms. Gambale as a defendant; however, NSED did not intend to name Ms.

Gambale as a defendant in this action.  NSED will be filing a motion to correct the caption so as to not include Ms. Gambale as a defendant.

Regardless, given the dates of service the Answer was due by November 28, 2005, at the latest.  On December, 1, 2005, counsel for Ms. Ledbetter noted in her most recent hearing request that a Motion to Dismiss the federal complaint had been filed.  To date, no such motion has been filed or produced by the defendant.  Consequently, plaintiff's counsel filed the affidavits needed to have the Clerk enter a default and then moved for a default judgment from the Court.  Defendant's counsel first received notice of NSED's intent to file for default judgment on January 18th.  The entry of default was entered a week later on January 23rd.  At no time did the defendant request an extension of time to file an answer.

## ARGUMENT

## THE CLERK'S JANUARY 23,2006, ENTRY OF DEFAULT SHOULD NOT BE VACATED

As stated in 55(c) of the Federal Rules of Civil Procedure an entry of default may be set aside for good cause.  Setting aside an entry of default is dependant upon a showing of good faith by the party in question. *See Enron Oil Corp. v.  Diakuhara,* 10 F. 3d 90 (2d Cir. 1993).  When analyzing the good fath of a party, three factors are considered: whether 1) the default was willful; 2) setting aside the default would prejudice the plaintiff and 3) the alleged defense is meritorious.  *See Keegel v. Key West & Carribean Trading Co.,* 627 F.2d 372, 373 (D.C. Cir 1980).  When making a determination regarding these three factors, all three factors must be present in order to

-2-

vacate the default.  *See Washington Metropolitan Area Transit Authority* v. Nixon 1990 U.S. District Lexis 8230 (D.D.C. 1990) (denying motion to vacate default because the party did not present meritorious defenses).

NSED believes the default was willful and more than an administrative error. Usually, unique circumstances exist when a party's behavior is not found to be willful. For example, in *Keegle*, the partes engaged in settlement discussions during the time period when the answer was due and discussed postponement of the answer.  627 F.2d 372, 374.  Similarly, in *Enron*, the defendant was pro se and filed an answer to the first complaint.  Defendant in *Enron* did not file an answer to the amended complaint because it never received the second complaint. *See* 10 F. 3d 90 ,98.

Similar circumstances do not exist in the current case.  Defendants state they filed a motion to dismiss and due to an administrative error the motion was unknowingly never filed.  In practice, this argument simply does not make sense.   Defendant expects this Court to believe that they filed a Motion to Dismiss the complaint and in two months never checked the docket sheet to determine whether or not an opposition to the motion was filed.  Certainly the defendant was awaiting the opposition to the motion to dismiss so a reply could be filed.  If in fact defendant had filed a motion to dismiss with the Court and never received an opposition from the plaintiff, it would be the defendant who could request the case be dismissed.  It appears the defendant not only failed to file the Motion, they also failed to stay informed date about the case.

The willfulness and good faith of the defendant is also questionable because the motion to dismiss has never been submitted to the Court.  The only

document produced is an Answer dated January 31, 2006, two months after defendant stated she thought the motion was filed. This Answer was submitted as an attachment to the Motion to Vacate. Defendant has never properly attempted to file the Answer. Furthermore, in defendant's January 25th letter, counsel stated he was prepared to file an Answer by the close of business; however, nothing was filed until a week late. If the defendants were acting in good faith they should have filed the Answer by the close of business on January 25th with a Motion to Answer out of Time. Instead they filed a Motion to vacate a week later.

Lastly, Defendant claims that a motion to dismiss was drafted before December 1, 2005; yet no motion has been produced. Good faith has to be questioned when a party cannot produce the document they stated they filed.

Lastly, defendant's good faith is questionable because they have filed yet another hearing request despite knowledge of this appeal and knowledge that NSED was in the process of convening yet another meeting to have the parent sign the Individualized Education Program. The matter of the student's education does not seem to a be a matter that the defendant wishes to resolve without more litigation and certainly brings into question their good faith in this action. Defendant's willfulness should be enough to enter a default judgment, but NSED will also address the additional two factors that must be shown to prove good faith.

NSED would be prejudiced if the default is set aside. Defendant's position that there is no harm because the appeal is in its early stages is misleading. NSED has been attempting to service this student for over a year, but has been met with constant delay tactics by the defendant. The most recent lack of action in the federal case by

the defendant is not an isolated event. The administrative record and recent events are replete with delay; delay in completing testing, delay in signing an Individualized Education Program, and now, delay in the federal court proceeding. Plaintiff has been prejudiced in the administrative proceeding and continues to be prejudiced in the federal appeal due to defendant's failure to cooperate with NSED's attempts to provide a free appropriate public education to the student and now, with the federal proceedings as well. One of the reasons NSED appealed the hearing officer's determination is that the hearing officer failed to take into consideration the delay caused by the parent. *See* Complaint §§ 10-12. Now, even in the federal court proceedings NSED is the victim of the defendant's delay.

Lastly, the defendant has an opportunity to present meritorious defenses. While the defenses presented do not have to guarantee success, the defendant does have to "present some evidence beyond conclusory denials to support his defense." *Enron* 10 F. 3d 90 at 98. Such defenses have included lack of knowledge by the defendant or lack of subject matter jurisdiction. *See id; see also Keegle* 627 F.2d 372, 374. The only defense the defendant offers is that its evidence will support its position in this case. Such a defense is the definition of conclusory and should be given no weight.

Defendant also argues that because this appeal is based on an administrative hearing officer's determination, the court should give the defendant more deference. While it is true the District Court considers the administrative record in such a case, the Court must also make an independent review of the evidence. *Hendrick Hudson Sch. Dist. v. Rowley* 458 U.S. 176, 206 (1982). Simply because NSED's case is based on

an appeal of an administrative decision does not alleviate the defendant's duty to act in good faith and in a timely manner.

## **CONCLUSION**

Because the defendant has failed to show good faith, plaintiff request ths Court to deny the Motion to vacate the entry of default and grant NSED's pending motion for default judgment.

Respectfully Submitted,

`

_____/s/_____
William E. Houston, Esq.
Bar No.  450223
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703)-739-4300
(703)-739-2323