UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEW SCHOOL FOR ENTERPRISE ) <br> AND DEVELOPMENT PUBLIC ) <br> CHARTER SCHOOL ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> RUBY LEDBETTER, *et al.* ) <br> ) <br> Defendants ) | Civil Action No. 05-1980 (JGP) |

**MEMORANDUM ORDER**

This matter comes before the Court on plaintiff's motion for default judgment and defendants' motion to vacate the clerk's entry of default. Upon consideration of those motions, the oppositions thereto, the record as a whole, and the law, the Court finds that defendants' motion should be granted and plaintiff's motion should be denied.

This action was brought under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* Pursuant to 20 U.S.C. § 1415(i)(2)(A), plaintiff filed a complaint on October 6, 2005, seeking review of an adverse hearing officer's determination resulting from an impartial due process hearing. *See* Compl. On January 20, 2006, plaintiff filed affidavits in support of default. On January 23, 2006, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk made an entry of default. On January 25, 2006, plaintiff filed a motion for default judgment. On February 1, 2006, defendants filed a motion to vacate the clerk's entry of default, and attached an answer as an exhibit thereto. Oppositions to both motions were filed.

Fed. R. Civ. P. 55(c) permits the Court to set aside the entry of default for "good cause shown." Determining whether good cause has been shown is a matter within the Court's discretion, and the Court should assess: (1) "whether . . . the default was willful"; (2) whether the

plaintiff would be prejudiced by setting aside the default; and (3) whether the non-responsive party has a potentially meritorious defense to the claims. *Keegel v. Key West and Caribbean Trading Co.*, 200 U.S. App. D.C. 319, 321, 627 F.2d 372, 373 (D.C. Cir. 1980).

Courts generally disfavor default judgments because resolution of a matter on the merits is thought more consistent with the fair administration of justice. *See Int'l Painters v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 25 (D.D.C. 2003). *See also Meehan v. Snow*, 652 F.2d 274, 277 (2nd Cir. 1981) ("The extreme sanction of a default judgment must remain a weapon of last, rather than first, resort.") Consistent with this preference, all doubts should be resolved in favor of the non-responsive party. *Biton v. Palestinian Interim Self Government Authority*, 233 F. Supp. 2d 31, 33 (D.D.C. 2002) (resolving doubt over whether default was willful in favor of the defendant despite defendant's failure to offer any explanation beyond hollow excuses); *Capital Yacht Club v. Vessel Aviva*, 228 F.R.D. 389, 393 (D.D.C. 2005) ("The plaintiff points out [that] the defendant has not produced any evidence corroborating his assertions...Nevertheless, the court is ultimately left with a doubt...which it resolves in favor of [the party moving to set aside the default].")

The first matter the Court must resolve is whether defendants' default was willful. Defendants assert that their failure to file a responsive pleading was the result of "administrative oversight." They claim that counsel believed that a motion to dismiss had been filed, when in fact it had not.[1] Mem. Supp. Mot. Vacate Clerk's Entry of Default at 3-4. As evidence of this,

---

[1] "Counsel" in this case refers to defendant Roberta Gambale, who represented defendants Ruby Ledbetter and G.M. in the underlying administrative matter and who appears to have caused the default in this matter. She is not representing herself or the other defendants in this matter. The Court notes that plaintiff has stated that it did not intend to sue Ms. Gambale, only to serve her with the complaint to insure notice. *See* Mem. Opp'n Mot. Vacate Entry Default 1-

defendants point to their statement in a December 2005 administrative complaint indicating that a motion to dismiss had been filed in this matter. *Id.* (citing Pls.' Mot. Dismiss, Ex. 1.)

Administrative errors are generally considered negligent rather than willful. *E.g., S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir.1998) ("[W]illfulness, in the context of a default, [is] conduct that is more than merely negligent or careless"); *see also Am. Alliance Ins. Co. v. Eagle Ins. Co.* 92 F.3d 57, 61 (2nd Cir. 1996) (the misfiling of notice mailed to defendant by defendant's office manager was "grossly negligent" but not "willful"); *Int'l Painters*, 288 F. Supp. 2d at 26 ("The boundary of willfulness lies somewhere between a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable.") However, plaintiff argues that the default here was willful rather than negligent, asserting that it was extremely unlikely that counsel, believing she had filed a motion to dismiss, would fail to check the docket sheet in the ensuing two months to determine whether or not an opposition to the motion to dismiss had been filed. Mem. Opp'n Mot. Vacate Entry Default 3. Plaintiff also questions the fact that no motion to dismiss has been filed to date. *Id.* The Court agrees that these facts raise the question whether counsel was willfully derelict or just extraordinarily inattentive, but it should, and will, resolve such questions in favor of the party seeking to set aside the default. *See Capital Yacht Club*, 228 F.R.D. at 393 (D.D.C. 2005).

There is another reason to conclude that the default was not willful. The Court should hesitate before imputing counsel's conduct to the parties she represents. *See Jackson*, 205 U.S. App. D.C. at 89-90, 636 F.2d at 836-37 ("[T]he judge erred in thinking it proper to impute the

---

2. Ms. Gambale is, nonetheless, still a defendant in this action.

conduct of the attorney to his clients in considering the motion to set aside the default judgment in the case at bar. Default judgments were not designed as a means of disciplining the bar at the expense of the litigants' day in court"); *Barber v. Tuberville*, 218 F.2d 34, 26 (D.C. Cir. 1954) ("[C]ourts have been reluctant to attribute to the parties the errors of their legal representatives.") The Court notes that it is somewhat difficult to apply this principle here, where plaintiff inadvertently sued counsel, and thus counsel is also the defendant. Nonetheless, at the very least, the Court should not impute Ms. Gambale's error to the other defendants. For all of these reasons, it appears that the failure here was not willful.

The next issue for the Court is whether setting aside the default judgment would prejudice plaintiff. Prejudice is not usually a factor where the case is in its early stages. *See Biton*, 233 F. Supp. 2d at 33 (holding that possible prejudice is not apparent when the case is procedurally in its early stages, no discovery has been conducted, and no summary judgment motions have been filed). Here, there is little prejudice because the case is in the beginning stages. However, New School argues that "the administrative record and recent events are replete with delay[:] delay in completing testing, delay in signing an Individualized Education Program, and now, delay in the federal court proceeding." Pl.'s Mem. in Opp'n to Mot. to Vacate Entry of Default 5. While this may be true, "[d]elay in and of itself does not constitute prejudice," *Capital Yacht Club*, 228 F.R.D. at 394. Dangers which might arise from delay and create prejudice include lost evidence, a far more difficult discovery process, or an enhanced opportunity for fraud or collusion. *Id.* at 394. Such problems do not appear to be present in this type of case, where the administrative record should already be complete and the matter is likely to be disposed of on summary judgment.

Finally, the Court must assess whether defendants have a potentially meritorious defense to plaintiff's claims.[2]  In assessing this factor, "[l]ikelihood of success is not the measure. Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, if proven at trial, would constitute a complete defense." *Keegel*, 627 F.2d at 374, 200 U.S. App. D.C. at 321.  "Somewhat broad and conclusory" allegations are sufficient to meet this criterion under *Keegel*, which held that a defendant's denials of "misrepresentations, fraudulent acts, or securities law violations" was a sufficient defense to a claim alleging fraud, breach of contract and violations of state and federal securities laws. *Id.* at 394.

Plaintiff argues that defendants must "present some evidence beyond conclusory denials to support [their] defense" in order to state a meritorious claim under *Enron Oil v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993) and that defendants' affirmative defense fails to meet this standard. Pl.'s Mem. Opp'n Mot. Vacate Entry of Default 5.  Plaintiff has failed to show why the law of the Second Circuit, rather than of this Circuit, should govern.  Nonetheless, the Court finds that Ledbetter meets either standard.  In her proposed answer, Ledbetter claims that the Hearing Officer's decision is supported by substantial evidence in the administrative record.  Defendants' motion to vacate and associated documents make defendants' position clear: that G.E. was denied a free appropriate education when New School failed to timely evaluate him for special education services.  The hearing officer agreed with defendants.  This is more than a "hint of a suggestion" that defendants have a complete defense, and it is more than a "conclusory denial" of

---

[2]The Court notes that plaintiff has stated that it sued defendant Gambale, in error, and thus it is unlikely there is a viable claim against her.  Accordingly, the Court will not consider her defenses.

plaintiff's claims.

Because it appears that (1) the default was not willful, (2) New School would not be prejudiced by setting aside the Entry of Default, and (3) Ledbetter's claim may be meritorious, defendants have shown "good cause" to set aside the Entry of Default under Fed. R. Civ. P. ¶. 55(c). Because the Court finds there is good cause to set aside the entry of default, the motion for default judgment should be dismissed. Accordingly, it is hereby

**ORDERED** that plaintiff's motion for default judgment [8] is denied; it is further

**ORDERED** that defendants' motion to vacate Clerk's entry of default [9] should be granted; and it is further

**ORDERED** that defendants' shall file their answer on or before October 3, 2006.


**DATE: September 30, 2006**                    **JOHN GARRETT PENN**
                                                **United States District Judge**