UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEW SCHOOL FOR ENTERPRISE AND DEVELOPMENT PUBLIC CHARTER SCHOOL :<br>:<br>Plaintiff              :<br>:<br>v.                 :<br>:<br>RUBY LEDBETTER, next friend G.E., a minor, et al. :<br>:<br>Defendants           :<br>_____: | Civil Action No. 05-1980<br>Judge John Garrett Penn |

## VERIFIED ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the Defendants, Ruby Ledbetter, next friend of G.E., a minor, and Roberta Gambale, Esquire, by and through Tilman L. Gerald and James E. Brown & Associates, PLLC, and in Answer to the Complaint filed herein against them respectfully represent unto this Honorable Court as follows:

### ANSWER

1. That the allegations contained in paragraph one (1) of Plaintiff's complaint are characterizations of the complaint by the pleader, are jurisdictional in nature, and state that the complaint speaks for itself. However, if a response is required, then the same allegations are denied except that they admit the existence of the statutes.

2. That the Defendants admit the allegations contained in paragraphs two (2), three (3) and four (4) of the Complaint.

3. That the Defendants deny the allegations contained in paragraph five (5) of the Complaint and demand strict thereof.

1

4. That the Defendants admit that G.E. had a dermatological condition but denies the remainder of the paragraph.

5. That the allegations contained in paragraph seven (7) of the Complaint are conclusory in nature and do not require the Defendants to admit or deny same. However, to the extent a response may be required the Defendants deny these allegations.

6. That the Defendants deny the allegations contained in paragraph eight (8) of the Complaint.

7. That the allegations contained in paragraph nine (9) of the Complaint do not require a response by the Defendants. However, to the extent a response may be required, the Defendants deny same.

8. That the Defendants deny the allegations contained in paragraphs ten (10) and eleven (11) of the Complaint.

9. That the Defendants admit in part and deny in part the allegations contained in paragraph twelve (12).

10. That the Defendants admit the allegations contained in paragraphs thirteen (13), and fourteen (14) of the Complaint.

11. That the Defendants deny the allegations contained in paragraphs fifteen (15), sixteen (16), seventeen (17), and eighteen (18) of the Complaint.

12. That the Defendants admit the allegations contained in paragraph nineteen (19) of the Complaint.

13. That the Defendants admit in part and deny in part the allegations contained in paragraph twenty (20).

14. That the Defendants are not required to provide a response to the allegations contained in paragraphs twenty-one (21) and twenty-two (22) of the Complaint as the Hearing Officer's Decision speaks for itself and the allegations in these paragraphs represent the pleader's characterizations of the record to which no response is required. However, to the extent a response may be required then the same are denied.

15. The Defendants are not required to provide a response to paragraph twenty-three (23) of the Complaint. However, to the extent that a response may be require, the Defendants reassert by reference and incorporate by reference their responses to paragraphs one (1) through twenty-two (22).

16. That the Defendants deny the allegations contained in paragraph twenty-four (24) of the Complaint.

17. That the Defendants are not required to provide a response to the allegations contained in paragraph twenty-five (25) of the Complaint. However, to the extent that a response may be required, the Defendants reassert by reference and incorporate their responses to paragraphs one through twenty-four (24).

18. That the Defendants deny the allegations contained in paragraph twenty-six (26) of the Complaint.

19. That the Defendants are not required to provide a response to paragraph twenty-seven (27) of the Complaint. However, to the extent that a response may be required, the Defendants reassert by reference and incorporate their responses to paragraph one (1) through twenty-six (26).

20. That the Defendants deny the allegations contained in paragraph twenty-eight (28) of the

Complaint.

21. That the Defendants are not required to provide a response to paragraph twenty-nine (29) of the Complaint. However, to the extent that a response may be required, the Defendants reassert by reference and incorporate their responses to paragraphs One through twenty-eight (28) of the Complaint.

22. That the Defendants deny the allegations contained in paragraph thirty (30) of the Complaint.

23. That any allegation or paragraph which has not been specifically admitted or denied is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and should be affirmed.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff has failed to join a necessary and indispensable party.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim to attorney fees are statutorily barred.

### FIFTH AFFIRMATIVE DEFENSE

That Plaintiff's claims are barred by the doctrine of collateral estoppel.

WHEREFORE, the Defendants respectfully demand that this Honorable Court enter judgment in their favor dismissing the Complaint with prejudice and awarding them the costs of litigation including but not limited to court costs, reasonable attorneys fees and such other relif as to this Honorable Court may be just and equitable under the circumstances.

Respectfully submitted,

_____
Tilman L. Gerald
James E. Brown & Associates, PLLC
Unified Bar No. 928796
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
202.742.2000
202.742.2098-facsimile
*Attorneys for Defendants Ledbetter and Gambale*

District of Columbia, ss:

Ruby Ledbetter, being first duly sworn under oath states that she has read the foregoing Answer and Affirmative Defenses and that its is true and accurate to the best of her knowledge, information and belief.

_____
Ruby Ledbetter

Subscribed before me this 31 day of January, 2006.

_____
Notary Public

Kelly Dau
Notary Public, District of Columbia
My Commission Expires 1-1-2010

District of Columbia, ss:

Roberta Gambale, Esquire, first being duly sworn under oath states that she has read the foregoing Answer and Affirmative Defenses and that it is true and accurate to the best of her knowledge, information and belief

_____
Roberta Gambale.

Subscribed before me this 31ST day of January, 2006.

_____
Notary Public

Kelly Dau
Notary Public, District of Columbia
My Commission Expires 1-1-2010

Electronically filed: 2/1/06 TK~ ~~January 31~~, 2006